

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HON. ADAM DUVALL DAVIS, SR., U.S. NAVY VETERAN          PLAINTIFF

v.                                             Civil No. 1:25-cv-00039-LG-BWR

WILLIAM TISDALE, *Hon., in his individual and official capacities;*
CITY OF BILOXI, MISSISSIPPI;
CARTER BISE, *Hon., in his individual and official capacities;*
and OTHER UNNAMED DEFENDANTS                    DEFENDANTS

## MOTION FOR RECONSIDERATION OF DENIAL OF IN FORMA PAUPERIS STATUS

COMES NOW, Plaintiff, Hon. Adam Duvall Davis, Sr., U.S. Navy Veteran, and respectfully moves this Honorable Court to reconsider its order denying Plaintiff's Motion to Proceed In Forma Pauperis (IFP). In support of this motion, Plaintiff states the following:

### I. INTRODUCTION

The Court denied Plaintiff's Motion to Proceed IFP on the basis that he failed to disclose his VA disability compensation as income. However, under federal law, VA disability compensation is not classified as income for taxation, Social Security, or garnishment purposes. Plaintiff contends that requiring its disclosure as income for IFP eligibility is inconsistent with federal statutes, IRS regulations, and Social Security Administration (SSA) policies.

Additionally, the Court has chosen to refer to Defendants as "Hon." while omitting the same recognition from Plaintiff's name, despite his honorable military service and appointment by the U.S. Navy Secretary as a Petty Officer First Class, as well as his Honorable Discharges from two separate periods of service. This inconsistent treatment raises concerns about judicial impartiality and the equal application of respect to all litigants before the Court. The Court should afford Plaintiff the same title and recognition given to elected officials like Tisdale and Bise, neither of whom have documented honorable service akin to Plaintiff's.

### II. LEGAL ARGUMENT

**A. VA Disability Compensation is Not Income Under Federal Law**

Pursuant to 38 U.S.C. § 5301(a)(1), VA disability compensation is explicitly exempt from taxation, levy, and attachment. The statute states:

*"Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable and shall be exempt from taxation, claims of creditors, attachment, levy, or seizure under any legal or equitable process whatever."*

This provision demonstrates that Congress has declared VA benefits not to be treated as ordinary income for legal and financial purposes.

B. VA Disability Compensation is Non-Taxable Under IRS Code

The Internal Revenue Code, 26 U.S.C. § 104(a)(4), confirms that:

*"Compensation for personal injuries or sickness resulting from active military service is not subject to federal income tax."*

The IRS does not classify VA disability compensation as taxable income, reinforcing that it is not an earned income stream comparable to wages or salaries.

C. VA Disability Compensation Does Not Count as Income for Social Security Work Credits or Retirement Benefits

The Social Security Administration (SSA) does not recognize VA disability compensation as earned income for the purposes of calculating work credits for retirement benefits. SSA guidelines specify that:

*"VA disability benefits are not considered wages for Social Security earnings purposes."* (See SSA POMS GN 02210.006.)

If VA benefits were truly income, a recipient would be able to use them to accrue Social Security credits—yet SSA does not allow this. This contradiction undermines the Court's requirement that Plaintiff classify VA benefits as income.

D. The Court Cannot Have It Both Ways: Legal Inconsistency and Judicial Overreach

- a) VA benefits are either income in all financial contexts or not income at all.
    1. If VA benefits are truly income, then they should be taxable by the IRS and count toward Social Security work credits—but they do not.
    2. If VA benefits are not income for tax and Social Security purposes, then the court cannot arbitrarily classify them as income for IFP eligibility.
- b) Federal law prohibits courts from treating VA benefits as income.
    1. 38 U.S.C. § 5301(a)(1) protects VA benefits from taxation, garnishment, and legal process.
    2. IRS Code 26 U.S.C. § 104(a)(4) excludes VA benefits from taxable income.
    3. SSA regulations (SSA POMS GN 02210.006) confirm that VA benefits do not count as earnings.

Plaintiff respectfully emphasizes that the court's interpretation of 38 U.S.C. § 5301(a) is unduly narrow and contrary to explicit statutory language. The statute unequivocally states:

*"Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable and shall be exempt from taxation, claims of creditors, attachment, levy, or seizure under any legal or equitable process whatever."* (38 U.S.C. § 5301(a)(1); emphasis added.)

The inclusion of the expansive phrase *"any legal or equitable process whatever"* deliberately and unambiguously extends protection beyond mere garnishment or taxation, encompassing all judicial procedures that would effectively compromise or diminish the benefits protected by Congress. The Supreme Court has consistently instructed courts to interpret statutes protecting veterans broadly in favor of veterans. For instance, in Porter v. Aetna Casualty & Surety Co., 370 U.S. 159, 162 (1962), the Supreme Court stated that federal statutes enacted for the benefit of veterans "are always to be liberally construed to protect those intended beneficiaries." Similarly, in Ridgway v. Ridgway, 454 U.S. 46 (1981), the Court affirmed that veterans' benefit statutes carry explicit congressional intent to be liberally interpreted to protect veterans comprehensively.

Lower courts have likewise recognized this broad scope. For example, the Third Circuit in Higgins v. Beyer, 293 F.3d 683 (3d Cir. 2002) reaffirmed that 38 U.S.C. § 5301(a) explicitly and comprehensively protects VA disability benefits from "judicial actions of all forms," including indirect judicial determinations that could affect veterans' financial stability.

Furthermore, the recent enactment of the HAVEN Act (11 U.S.C. § 101(10A)(B)(ii)(IV)) explicitly underscores congressional intent to exclude VA disability compensation from all definitions of disposable or available income—even in bankruptcy proceedings where courts historically had broader discretion to define disposable income. The court's interpretation, therefore, is directly at odds with federal statutes and congressional intent, creating an untenable legal contradiction that is fundamentally unfair to Plaintiff and other similarly situated veterans.

Consequently, by erroneously classifying Plaintiff's federally protected VA disability compensation as available income for purposes of determining eligibility for proceeding in forma pauperis, this Court directly contradicts congressional intent, statutory mandates, and judicial precedents. Such selective and inconsistent treatment violates Plaintiff's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution.

E. Misapplication of *Hawes v. Stephens* and the Court's Arbitrary and Legally Inconsistent Classification of VA Benefits

The Court's reliance on *Hawes v. Stephens*, 964 F.3d 412 (5th Cir. 2020), in determining Plaintiff's financial eligibility for IFP status is fundamentally flawed, creating an unjustifiable legal contradiction. By selectively classifying VA disability benefits as income solely for IFP eligibility, the Court contradicts clear and consistent federal statutes, IRS regulations, Social Security guidelines, and the explicit protections afforded by bankruptcy law, violating Plaintiff's constitutional rights under the Due Process and Equal Protection Clauses.

### 1. VA Disability Benefits are Consistently Excluded from Income Classification Under Federal Law

Federal statutes and administrative regulations unequivocally exclude VA disability benefits from classification as income in multiple contexts:

   a) **38 U.S.C. § 5301(a)(1)** explicitly safeguards VA benefits from taxation, garnishment, levy, attachment, or seizure by creditors, clearly excluding these benefits from typical income treatments.
   b) **26 U.S.C. § 104(a)(4)** explicitly excludes VA disability compensation from taxable income, demonstrating Congress's intent to treat these benefits as fundamentally distinct from income.
   c) **SSA POMS GN 02210.006** specifically declares VA benefits are not earned income, thus prohibiting their consideration in calculating eligibility for Social Security credits or benefits.
   d) **11 U.S.C. § 101(10A)(B)(ii)(IV)** (HAVEN Act of 2019) expressly removes VA disability compensation from disposable income calculations in bankruptcy proceedings, underscoring the congressional intent to protect these benefits from any classification as income.

Given these explicit legal provisions, the Court's decision to classify VA benefits as income solely for determining Plaintiff's IFP eligibility represents a direct conflict with congressional intent, statutory language, and administrative practice.

### 2. Arbitrary Reclassification of VA Benefits Represents Judicial Overreach and Abuse of Discretion

The Court's selective and arbitrary treatment of VA disability benefits constitutes a clear judicial overreach and abuse of discretion. This selective classification:

   a) Contradicts the consistent and explicit federal treatment of VA benefits as exempt from income designation in taxation, Social Security, and bankruptcy contexts.
   b) Creates an arbitrary distinction where none is legally permissible, undermining legal stability, predictability, and fairness for veterans who rely on these benefits as their sole financial support.

This arbitrary reclassification further underscores the violation of Plaintiff's fundamental right to fair and consistent application of federal laws.

### 3. Logical and Legal Consequences Demonstrate Court's Error

If the Court's classification of VA benefits as income for IFP purposes were accurate, the following untenable consequences would result:

   a) Plaintiff would be legally obligated to report VA disability compensation as taxable income, despite explicit statutory prohibitions, thereby potentially benefiting Plaintiff by

    allowing eligibility for various tax credits (such as the Earned Income Tax Credit), enabling contributions to retirement accounts (such as IRAs), enhancing borrowing power by strengthening reported income, and improving overall financial stability and creditworthiness.

    b) Plaintiff would be permitted to accrue Social Security work credits from VA disability compensation, contrary to explicit federal policy, thereby benefiting Plaintiff by potentially increasing his eligibility for a larger pension upon retirement at age 62. This would significantly improve Plaintiff's financial security by allowing access to increased retirement benefits, ensuring eligibility for Medicare at age 65, and enhancing survivor benefits to provide critical financial protections for Plaintiff's dependents.

    c) Plaintiff's VA benefits would be classified as disposable income under bankruptcy law, directly contradicting explicit protections provided by the HAVEN Act. This would result in severe downfalls, including financial hardship due to diverting essential disability benefits to creditors, violation of congressional intent to protect veterans, increased risk of poverty and homelessness, and reduced financial security for Plaintiff and his dependents.

These logical and legal absurdities underscore the invalidity and untenable nature of the Court's selective reclassification of VA disability benefits.

## 4. Constitutional Violations: Due Process and Equal Protection

    a) Due Process Violation (5th & 14th Amendments):
        1. Consistent and equitable application of the law is fundamental to due process. By arbitrarily and inconsistently reclassifying VA benefits, the Court has deprived Plaintiff of a fair legal process guaranteed by the Constitution.

    b) Equal Protection Violation (14th Amendment):
        1. The Court's selective treatment discriminates against Plaintiff by subjecting him, as a disabled veteran, to an unequal and prejudicial interpretation of federal laws. Veterans similarly situated with Plaintiff are granted uniform protection of their benefits under federal statutes and regulations, and the Court's deviation represents discriminatory unequal treatment.

## 5. Judicial Accountability and Required Justification

The Court is required to justify clearly and explicitly:

- Its inappropriate reliance on *Hawes v. Stephens*, a prisoner-specific case governed by the PLRA, despite Plaintiff clearly identifying his case as a non-prisoner civil matter.
- Its inconsistent and legally unsupported classification of VA benefits as income exclusively in the context of IFP determination, contrary to explicit statutory and regulatory protections established by Congress.

Failure to provide detailed and legally grounded justification constitutes an abuse of discretion, warrants further judicial review, and could justify appellate intervention and review for judicial misconduct.

F. Misapplication of *Hawes v. Stephens* to a Non-Prisoner Case

1. Did the Court mistakenly assume that Plaintiff was an incarcerated prisoner, despite the fact that Plaintiff's civil cover sheet clearly identifies this as a civil case?
2. The Court improperly relied on *Hawes v. Stephens, 964 F.3d 412 (5th Cir. 2020)*, which applies to prisoner IFP determinations under the PLRA, despite Plaintiff not being incarcerated.
3. The Prison Litigation Reform Act (PLRA) imposes stricter financial scrutiny on inmates, requiring installment payments from prison accounts. These rules do not apply to non-prisoners seeking IFP status.
4. The Court must explain why it chose to rely on a prisoner-specific case rather than 28 U.S.C. § 1915(a), which governs IFP applications for non-incarcerated litigants.
5. If the Court applies *Hawes*, then it must also explain why VA benefits do not count as income for tax and Social Security purposes but suddenly qualify as income for IFP determinations—an inconsistent application of law that violates due process and equal protection.

G. The Court Selectively Scrutinized Plaintiff's Financial Records While Ignoring Key Evidence

1. The Court had Plaintiff's IFP application for over a month and chose to scrutinize only selective portions to justify denial.
2. The Court ignored Plaintiff's bankruptcy records, which already confirmed financial hardship through the Western District of Louisiana (Case No. 20-50950).
3. The Court failed to acknowledge that Plaintiff's total debt increased to $273,691.38 after the bankruptcy dismissal, as required under 11 U.S.C. § 349(b) and § 362(c)(2). Plaintiff acknowledges that two different debt amounts were referenced in prior submissions: $158,708.93 and $273,691.38. This discrepancy exists due to the dismissal of Plaintiff's Chapter 13 bankruptcy case **(Case No. 20-50950, Western District of Louisiana)**. While the bankruptcy was active, Plaintiff's scheduled and approved debts were $158,708.93. Upon dismissal, all pre-bankruptcy debts were reinstated to their full, enforceable amounts, as mandated by 11 U.S.C. § 349(b). The actual financial liability after dismissal is $273,691.38, including both secured and unsecured debts, along with any accrued interest and penalties that were previously paused during the bankruptcy. This clarification ensures transparency in Plaintiff's financial disclosure and affirms that Plaintiff's financial hardship remains severe, warranting IFP status.
4. This selective review demonstrates either negligence or intentional bias in assessing Plaintiff's financial status.
5. The Court should be required to explain in writing why it ignored readily available financial records in making its determination.

H. Plaintiff Requests a Written Justification for the Court's Selective Review of Evidence

1. Plaintiff requests that the Court explain why it ignored Plaintiff's verified financial hardship in bankruptcy proceedings while focusing on trivial inconsistencies.
2. If the Court refuses to provide justification, it raises serious due process concerns and may constitute judicial misconduct.
3. Request for an On-the-Record Hearing and Potential Judicial Complaint
4. Plaintiff requests that any denial of this motion be accompanied by a written, detailed explanation and a scheduled hearing where Plaintiff can challenge the Court's findings in an open proceeding.
5. If the Court continues to disregard clear statutory and case law, Plaintiff will consider filing a judicial complaint pursuant to 28 U.S.C. § 351, addressing misconduct, bias, or failure to apply the law impartially.

## III. CONCLUSION

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Grant Plaintiff's Motion for Reconsideration, reversing the prior denial based on legal and factual errors related to the classification of VA disability compensation.
2. Explicitly reverse its previous order and grant Plaintiff's Motion to Proceed In Forma Pauperis, recognizing Plaintiff's eligibility in accordance with federal statutes protecting VA benefits from income classification.
3. Alternatively, permit Plaintiff to amend his IFP application explicitly to reflect VA benefits as federally protected and exempt from classification as income, clearly instructing Plaintiff on how these benefits should be documented without compromising statutory protections.
4. Issue a formal written acknowledgment recognizing Plaintiff's honorable military service, ensuring he receives equal respect, dignity, and consideration in judicial proceedings comparable to that afforded elected and appointed officials.
5. Provide a detailed, written explanation justifying the Court's inappropriate reliance on *Hawes v. Stephens*, explicitly clarifying why it applied a prisoner-specific case to Plaintiff, a non-incarcerated veteran pursuing civil litigation.
6. Provide a comprehensive written explanation for selectively reviewing Plaintiff's financial records while disregarding crucial bankruptcy documentation that unequivocally establishes Plaintiff's verified financial hardship.
7. Clearly define the legal criteria the Court applies in determining financial eligibility for IFP status, specifically addressing the classification of VA disability compensation, ensuring consistent and fair application of federal law in future determinations.
8. Schedule and provide an ADA-compliant hearing, equipped with necessary assistive technologies, to guarantee Plaintiff's full and fair participation in all judicial proceedings, if needed.
9. Should the Court deny the reconsideration request, explicitly outline Plaintiff's appeal rights, procedures, and timelines, thus preserving Plaintiff's ability to seek appellate review and safeguarding his constitutional rights.

Date: March ~~17~~ 18, 2025

Respectfully submitted,

/s/ Hon. Adam Duvall Davis, Sr. U.S. Navy Veteran Plaintiff, Pro Se

870 Ellington Drive Biloxi, MS 39532