IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| HON. ADAM DUVALL DAVIS, SR.<br>(U.S. NAVY VETERAN) | **PLAINTIFF** |
| v. | Civil No. 1:25-cv-00039-LG-BWR |
| HON. WILLIAM TISDALE, *in his individual and official capacities*;<br>CITY OF BILOXI, MISSISSIPPI;<br>HON. CHANCELLOR CARTER BISE, *in his individual and official capacities*; **and**<br>OTHER UNNAMED DEFENDANTS | **DEFENDANTS** |

## REPORT AND RECOMMENDATION

BEFORE THE COURT is *pro se* Plaintiff Adam Duvall Davis, Sr.'s Motion for Reconsideration of Denial of In Forma Pauperis Status [5]. Plaintiff should be denied in forma pauperis ("IFP") status. His Application is deficient because Plaintiff refuses to provide the amount of his monthly Veteran's Affairs ("VA") disability benefit, and Plaintiff's household expenditures indicate resources too high for a household living in poverty. Plaintiff has not shown that he is incapable of paying the civil filing fee ($350 filing fee + $55 administrative fee), or any portion of the civil filing fee, without sacrificing the necessities of life.

### I. BACKGROUND

On February 11, 2025, Plaintiff filed a *pro se* Complaint [1] against the City of Biloxi, Mississippi; Biloxi Municipal Court Judge William Tisdale; and Mississippi Chancery Court Judge Carter Bise. Plaintiff did not tender the civil filing fee but filed

1

an Application to Proceed in District Court Without Prepaying Fees or Costs [2]. In the IFP Application, Plaintiff asserted that he had no income but also stated that he paid $8,592.33 in monthly expenses, while his spouse paid $550.00 in monthly expenses. Pl.'s Appl. [2] at 1-7. Plaintiff claimed his spouse and two 18-year-old sons as relying on him for support. *Id.* at 3. Plaintiff's Affidavit of monthly household expenses included $2,250.00 for food, a $1,500.00 mortgage, $915.00 in utilities, "$1,688.82 in credit card minimums," and "$803.58 in bank loan interest payments." *Id.* at 4-7. The IFP Application provided a space for Plaintiff to state the amount of disability benefits he received, and Plaintiff wrote, "$0.00." *Id.* at 2. In an attachment to the Application, Plaintiff explained that he received VA disability benefits and submitted that those benefits are "not classified as income under federal law and [are] protected from garnishment under 38 U.S.C. § 5301." *Id.* at 6-7.

On March 7, 2025, Plaintiff's Application was denied without prejudice, and Plaintiff directed to either pay the civil filing fee or file a renewed Application that disclosed the amount of his monthly VA disability benefit. Order [4] at 4. Plaintiff was directed to the Court of Appeals for the Fifth Circuit's opinion in *Hawes v. Stephens*, 964 F.3d 412 (5th Cir. 2020). In *Hawes,* the Fifth Circuit affirmed the assessment of filing fees against a prisoner plaintiff whose sole source of income was VA benefits. 964 F.3d at 417. The Fifth Circuit examined the language in 38 U.S.C. § 5301(a) and held that "nothing in [38 U.S.C. § 5301(a)] suggests (1) that recipients of benefits are exempt from statutory filing fee requirements; or (2) that assets acquired

2

from VA benefits cannot be taken into account for purposes of determining whether a litigant is eligible for *in forma pauperis* status." *Id.*

Instead of filing a renewed Application disclosing his monthly VA disability benefit, Plaintiff filed the present Motion for Reconsideration [5], claiming that the holding in *Hawes* is wrong or alternatively that *Hawes* should not be applied to him because the plaintiff in *Hawes* was a prisoner. Pl.'s Mot. [5] at 1-7. Plaintiff also complained that the Order [4] denying without prejudice Plaintiff's Application, used Plaintiff's name, "Adam Duvall Davis, Sr.," in the caption and did not use Plaintiff's preferred title, "Hon. Adam Duvall Davis, Sr., U.S. Navy Veteran." *Id.* at 1. Plaintiff crafted the caption of his pro se Complaint to refer to himself as "Hon. Adam Duvall Davis, Sr., U.S. Navy Veteran" and the two judges he sued as "Hon. William Tisdale, in his individual and official capacities" and "Hon. Chancellor Carter Bise, in his individual and official capacities." Pl.'s Compl. [1] at 1. Plaintiff alleges that the undersigned not titling him "Honorable" in the caption of the Court's Order [4], while titling the judge Defendants "Honorable" in the caption, calls into question the Court's impartiality. Pl.'s Mot. [5] at 1. According to Plaintiff, "[t]he Court should afford Plaintiff the same title and recognition given to elected officials like Tisdale and Bise, neither of whom have documented honorable service akin to Plaintiff's" *Id.*

## II. DISCUSSION

A. <u>Legal Standard</u>

Under 28 U.S.C. § 1915(a)(1), a federal district court may permit a plaintiff to

file an action "without prepayment of fees or security thereof" if the plaintiff shows by affidavit that he is unable to pay such fees or security. "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. At the same time, a district court may order users of the courts to pay a portion of the filing fees when they are financially able to do so." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993).

"A district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). A plaintiff need not "be absolutely destitute" or spend "the last dollar they have" toward the payment of court costs to enjoy the benefit of IFP status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The standard instead is whether "one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* "To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the in forma pauperis applicant. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Prows,* 842 F.2d at 140. The Court considers the poverty guidelines set by the United States Department of Health and Human Services as one measure to determine what level of income

constitutes poverty for purposes of 28 U.S.C. § 1915. *See Shepard v. U.S. Postal Inspection Serv.,* No. 2:21-cv-00106-KS-MTP, 2021 WL 3828736, at *1 (S.D. Miss. Aug. 6, 2021) (collecting cases), *R. & R. adopted,* 2021 WL 3828442 (S.D. Miss. Aug. 26, 2021).

To ensure that the privilege of proceeding at taxpayer expense is properly granted, a district court may conduct reasonable investigations into allegations of poverty. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016). This Court requires an IFP applicant to complete a standardized application, (Long Form) – AO 239. If an applicant refuses to submit a completed (Long Form) – AO 239, it is considered a failure to comply with a Court Order, and under Federal of Civil Procedure 41(b), a district court may dismiss an action if the plaintiff fails to comply with a court order. *Id.* at 441-42. Also, "[d]ismissal is mandatory if the court determines at any time . . . that the contents of an IFP application are false." *Id.* at 441.

B. <u>Analysis</u>

Plaintiff's' Motion for Reconsideration offers no change in controlling law or new evidence but instead claims that the Order [4] denying without prejudice Plaintiff's Application to Proceed in District Court with Prepaying Costs or Fees was erroneous because Plaintiff's monthly Veterans Affairs disability benefit is protected by 38 U.S.C. § 5301(a) and cannot be considered when determining whether he qualifies for IFP status under 28 U.S.C. § 1915. The Fifth Circuit rejected this

5

argument in *Hawes* and found that an IFP applicant's receipt of VA benefits may be considered in determining whether the applicant is financially eligible for IFP status because "nothing in [38 U.S.C. § 5301(a)] suggests (1) that recipients of benefits are exempt from statutory filing fee requirements; or (2) that assets acquired from VA benefits cannot be taken into account for purposes of determining whether a litigant is eligible for *in forma pauperis* status." *Hawes,* 964 F.3d at 417.

Plaintiff argues that the holding in *Hawes* is limited to prisoner plaintiffs because the IFP applicant in *Hawes* was a prisoner. Plaintiff is mistaken. *See Konecny v. Core-Mark Holdings Co. Inc. (PFG)*, No. 4:25-cv-00137-ALM-BD, 2025 WL 734010, at *1 (E.D. Tex. Feb. 17, 2025) (denying without prejudice IFP motion in civil case where pro se, non-prisoner applicant did not provide VA benefit amount); *Martin v. Mitchell*, No. 20-cv-2366 JLS (AGS), 2021 WL 347696, at *2 (S.D. Cal. Feb. 2, 2021) (same); *Clark v. 7-Eleven Headquarters*, No. 6:19-cv-1401-Orl-40GJK, 2019 WL 13395550, at *2 (M.D. Fla. Sept. 9, 2019) ("Merely including Plaintiff's Veterans' benefits as available income in determining his indigency status for purposes of permitting him to proceed in forma pauperis does not subject those funds to attachment, levy, or seizure, nor does the Court act as a creditor when determining Plaintiff's indigency status."); *Slupkowski v. Terrell*, No. CIV. 08-1081 JNE/SRN, 2008 WL 3911386, at *2 (D. Minn. Aug. 18, 2008) ("nothing in the statute suggests that Veterans' benefits cannot be taken into account for purposes of determining whether a litigant is financially eligible for IFP status.").

Plaintiff acknowledges receiving a monthly VA disability benefit, and his monthly expenditures indicate resources too high for a household living in poverty. Although Plaintiff has accumulated debt, and may have other priorities for his funds, an IFP application may be denied where the applicant's expenses exceed his income. *Smith v. Oliphant USA, LLC*, No. 3:23-CV-477-KHJ-MTP, 2023 WL 6035567, at *1 (S.D. Miss. Aug. 2, 2023). If the test were whether an applicant's expenses exceeded his income, then, "taking to its extreme, this reading would mean even someone earning a significant income would qualify for in forma pauperis status as long as they are spending more than they make." *Woods-White v. Comm'r of Soc. Sec. Admin.*, No. CV-24-01405-PHX-JAT, 2024 WL 3091774, at *2 (D. Ariz. June 20, 2024) (IFP status denied to applicant who declared bankruptcy); *Dobbins v. Kroger Co.*, No. 3:08-cv-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (IFP status denied where applicant's monthly expenses exceeded income because expenses attributed to utilities, medical, insurance and car payments appeared excessive without further detailed explanations). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013).

As for Plaintiff's complaint that he was not referred to as "Honorable" in the caption of the Court's Order [4], the caption of a complaint is chiefly for administrative convenience and is not part of the statement of the claim under

7

Federal Rule of Civil Procedure 8. Federal Rule of Civil Procedure 10 governs the form of a caption, and Federal Rule of Civil Procedure 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." The March 7, 2025 Order's caption reflected that Plaintiff is suing in an individual capacity and not in a representative capacity, while Plaintiff has sued the judge Defendants in both their individual and official capacities. Still, whether titles should precede the individual parties' names in the caption is not paramount and may be revisited after Plaintiff pays the civil filing fee.

## II. RECOMMENDATION

Plaintiff's Motion for Reconsideration of Denial of In Forma Pauperis Status [5] should be denied because Plaintiff refuses to provide the amount of his VA disability benefit and has not shown that poverty prevents him from paying the civil filing fee ($350 filing fee + $55 administrative fee), or any portion of the civil filing fee, without sacrificing the necessities of life.

## III. NOTICE OF RIGHT TO OBJECT/APPEAL

Within fourteen days after being served with a copy, any party may serve and file with the Clerk of Court written objections to this Report and Recommendation. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection. L.U.Civ.R. 72(a)(3).

A district judge shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made. A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 3rd day of April 2025.

                                      s/ *Bradley W. Rath*
                                      BRADLEY W. RATH
                                      UNITED STATES MAGISTRATE JUDGE