IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **HON. ADAM DUVALL DAVIS, SR., U.S. NAVY VETERAN** | **PLAINTIFF** |
| v. | CAUSE NO. 1:25CV39-LG-BWR |
| **HON. WILLIAM TISDALE, in his individual and official capacities; CITY OF BILOXI, MISSISSIPPI; HON. CARTER BISE, in his individual and official capacities; and OTHER UNNAMED DEFENDANTS** | **DEFENDANTS** |

### ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO RECONSIDER, AND ORDERING PLAINTIFF TO PAY FILING FEE

Plaintiff, a veteran of the United States Navy, filed this pro se lawsuit pursuant to 42 U.S.C. §§ 1983 and 1985(3) against the City of Biloxi, Mississippi, Senior Municipal Court Judge William Tisdale, Chancery Court Judge Carter Bise, and other unnamed defendants. On March 7, 2025, the Court denied without prejudice Plaintiff's [2] Application to Proceed in District Court Without Prepaying Fees or Costs (sometimes referred to as "IFP Motion"). Plaintiff then filed a [5] Motion for Reconsideration of Denial of In Forma Pauperis Status. Presently before the court is a [6] Report and Recommendation proposing that this Motion for Reconsideration be denied. Plaintiff filed a timely [7] Objection to the Report and Recommendation. After reviewing the record in this matter and the applicable law, the Court finds that the [6] Report and Recommendation should be adopted as the opinion of the Court and Plaintiff's Motion for Reconsideration should be denied.

Plaintiff is ordered to pay the requisite $350.00 filing fee, plus the $55.00 administrative fee, within thirty days of the date of this Order if he wishes to proceed with this lawsuit.

## BACKGROUND

In his [2] IFP Motion, Plaintiff stated that he and his wife are unemployed and have no income. Two children, who are eighteen and sixteen, rely on them for support. When the Motion was filed, they had $100.00 in their checking account and $200.00 cash. They own a home and two vehicles that Plaintiff values at $216,361.00. Their monthly mortgage payment, including taxes and property insurance, is $1,500.00 per month. Their vehicles appear to be paid off. Their monthly credit card payments total $1,600.00, and monthly bank loan payments total $803.00. These payments, combined with other expenses such as utilities and food, total $8,592.33 per month for Plaintiff.

> Plaintiff explained:
>
> I am unable to pay the costs of these proceedings due to my sole reliance on VA disability compensation, which is not classified as income under federal law and is protected from garnishment under 38 U.S.C. § 5301. Additionally, I have multiple financial obligations that exceed my available funds . . . .

IFP Mot. [2] at 6. He further states that he is a "100% permanently and totally disabled veteran." *Id.* He has sought reconsideration of the denial of his application for social security disability, and he is "currently working with the VA and [his] mortgage provider to enter the VA Servicing Purchase (VASP) program due to being on the brink of foreclosure." *Id.* He provided two statements regarding

his total outstanding debt. In the first, he stated, "My total outstanding debt is $158,708.93, including mortgage, bank loans, and unsecured debts." *Id.* In the second, he stated, "My total outstanding debt is $$273,691.38 [sic], including mortgage, bank loans, and unsecured debts as I was in bankruptcy while active[-]duty Navy but was dismissed after I separated from service." *Id.*[1]

The Court denied Plaintiff's IFP Motion without prejudice because Plaintiff did not provide the amount of VA disability compensation he receives on a monthly basis. The Court also noted that Plaintiff had provided conflicting representations concerning his total outstanding debt. The Court ordered Plaintiff "to file a completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 listing his VA disability compensation as income he receives." Order [4] at 4. The Court cautioned Plaintiff that failure to comply with its [4] Order would subject this case to dismissal.

Plaintiff filed a [5] Motion for Reconsideration of the denial of his IFP Motion on the basis that his VA disability "is not classified as income for taxation, Social

---

[1] Plaintiff encourages the Court to review his Chapter 13 bankruptcy case, which was filed on December 31, 2020, in the Western District of Louisiana. *See In re Adam Duvall Davis, Sr.*, No. 20-50950. As of January 6, 2021, Plaintiff was enlisted in the United States Navy, earning take home pay in the amount of $5,330.99 per month. He also had four dependent children between the ages of 6 and 16. On September 8, 2022, he filed an amended income schedule stating he was unemployed and receiving $3,930.82 per month in VA disability compensation. Plaintiff's bankruptcy case was dismissed on October 18, 2022. The information contained in the docket of Plaintiff's bankruptcy case does not assist the Court in evaluating Plaintiff's IFP Motion due to the amount of time that has passed since the bankruptcy case was dismissed.

Security, or garnishment purposes." Pl.'s Mot. [5] at 1.[2]  The Report and Recommendation proposes denial of Plaintiff's Motion for Reconsideration because (1) "Plaintiff refuses to provide the amount of his VA disability benefit" in his IFP application, and (2) Plaintiff "has not shown that poverty prevents him from paying the civil filing fee ($350 filing fee + $55 administrative fee), or any portion of the civil filing fee, without sacrificing the necessities of life." R&R [6] at 8.  In his Objection, Plaintiff asserts that the Report and Recommendation:

> (1) Fails to address Plaintiff's central legal questions,
> (2) Mischaracterizes Plaintiff's financial disclosures and sworn filings,
> (3) Relies on inapplicable lower court rulings while ignoring controlling federal statutes, and
> (4) Exhibits an appearance of bias incompatible with judicial neutrality.

Objection [7] at 1.

The primary question raised in this matter is whether Plaintiff should have listed his VA disability compensation as disability income on page 2 of his [2] IFP Motion.  Plaintiff argues that 38 U.S.C. § 5301(a)(1) prevents district courts from treating VA disability compensation as income when considering an IFP application.

## DISCUSSION

Where a plaintiff has submitted a written objection to a report and recommendation, a court "make[s] a de novo determination of those portions of the

---

[2] Plaintiff also asserted that the Court erred in referring to Judge Tisdale and Judge Bise with the title "Honorable," while failing to bestow the same title on Plaintiff due to his military service.  The Court finds that it is not necessary to address this argument in this Memorandum Opinion and Order.  The pressing issue at this time is whether Plaintiff's VA disability compensation should have been listed as income in his IFP Motion.

report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  This means that the court will consider the record and make its own determinations based on that record.  *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

Two statutes are at issue in the present matter.  The first is the statute providing for proceedings IFP, which provides in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  Congress enacted the IFP statute for the purpose of "lower[ing] judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Thus, prior to granting an IFP Motion, the Court must examine Plaintiff's financial condition in order to determine whether he "can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *See Ayers v. Tex. Dep't Crim. Just.*, No. 95-10615, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)).  Importantly, "[t]here is no constitutional right to proceed in a civil action without paying the proper filing fee; the ability to proceed IFP is a privilege that may be extended or withdrawn." *Birgans v. Louisiana*, 411 F. App'x 717, 718 (5th Cir. 2011) (citing *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997)).

The second statute at issue in this case provides the following protection for veterans' disability compensation:

> Payments of benefits due or to become due under any law administered by the Secretary [of Veterans Affairs] . . . shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

38 U.S.C. § 5301(a)(1). Congress does not define "attachment," "levy", and "seizure by or under any legal or equitable process whatever," but "dictionary definitions inform the plain meaning of a statute." *United States v. Radley*, 632 F.3d 177, 182 (5th Cir. 2011). "Attachment" generally refers to "[t]he seizing of a person's property to secure a judgment or to be sold in satisfaction of a judgment." *Attachment*, *Black's Law Dictionary* (12th ed. 2024). "Levy," in this context, refers to "[t]he imposition of a fine or tax" or "[t]he legally sanctioned seizure and sale of property." *Levy*, Black's Law Dictionary (12th ed. 2024). Finally, "seizure" refers to "the act or an instance of taking possession of a person or property by legal right or process." *Seizure*, Black's Law Dictionary (12th ed. 2024).

The Fifth Circuit has held that VA disability compensation can be considered income when evaluating an IFP motion because

> nothing in [Section 5301(a)] suggests (1) that recipients of benefits are exempt from statutory filing fee requirements; or (2) that assets acquired from VA benefits cannot be taken into account for purposes of determining whether a litigant is eligible for in forma pauperis status.

*See Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020). Plaintiff argues that the *Hawes* decision is distinguishable because "the court emphasized that the veteran's VA benefits had lost their protected status" because the prisoner plaintiff had

-6-

commingled the benefits with other non-exempt funds in his inmate trust account. Objection [7] at 3. However, the Fifth Circuit did not discuss commingling of assets when analyzing whether VA disability compensation can be considered income for purposes of IFP. *See Hawes*, 964 F.3d at 417. The commingling of assets was only relevant to the prisoner's claim that the defendants had violated Section 5301(a) by using funds in his inmate trust account to satisfy a medical copay. *Id.* at 415–17.

Plaintiff further claims that the *Hawes* decision is distinguishable because Hawes was a prisoner when he filed his lawsuit. Plaintiff asserts that 28 U.S.C. § 1915(a) pertains to non-prisoners, while 28 U.S.C. § 1915(b) pertains to prisoners. Plaintiff is correct that Section 1915(b) only pertains to prisoners. *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997). However, Section 1915(a)(1) requires both prisoners and non-prisoners to provide an affidavit in support of their request for IFP status. While prisoners granted IFP status are required to pay the filing fee pursuant to the schedule and formula set forth in Section 1915(b), non-prisoners granted IFP status are completely excused from paying the filing fee. *Id.* Specifically, Section 1915(b)(1) requires courts to "assess and when funds exist, collect" a partial payment of the filing fee. And, Section 1915(b)(2) requires "[t]he agency having custody of the prisoner to forward payments from the prisoner's account to the court" at certain times. Therefore, even though Section 1915(b) requires courts to collect funds from a veteran's prison account, the Fifth Circuit did not view this collection as an "attachment, levy, or seizure" prohibited by Section 5301(a)(1). *See id.*

Importantly, Section 1915 does not require courts to collect fees from the accounts of non-prisoners, regardless of whether they are granted or denied IFP status. Thus, it is even less likely that consideration of VA disability as income would violate Section 5301(a)(1) for non-prisoners.

Therefore, the Fifth Circuit's holdings that (1) Section 5301(a) does not exempt VA disability recipients from statutory filing fee requirements, and (2) VA disability compensation can be considered when evaluating an IFP motion are persuasive in the present case. *See Hawes*, 964 F.3d at 417. Furthermore, these holdings are not inconsistent with the plain meaning of Section 5301(a), or the consideration of other need-based benefits. For example, Congress defines "income" for purposes of determining eligibility for SSI benefits to include both earned and unearned income. 42 U.S.C. § 1382a(a). Congress further defines "unearned income" to include "any payments received as an annuity, pension, retirement, *or disability benefit, including veterans' compensation* and pensions." *See* 42 U.S.C. § 1382a(a)(2)(B) (emphasis added); *see also* 20 C.F.R. § 416.1102 ("Income is anything that you receive in cash or in-kind that you can use to meet your needs for food or shelter."). Therefore, the Court finds that Plaintiff's Motion for Reconsideration should be denied, and the Report and Recommendation should be adopted as the opinion of this Court.

## CONCLUSION

The Court does not attach, levy, or seize VA disability compensation when either granting or denying IFP status. As a result, the consideration of VA

disability compensation while evaluating an IFP Motion does not violate 38 U.S.C. § 5301(a)(1). As a result, the Court did not err by denying Plaintiff's IFP Motion without prejudice due to his failure to provide the amount of his monthly VA disability compensation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's [5] Motion for Reconsideration is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [6] Report and Recommendation is **ADOPTED** as the opinion of this Court, and Plaintiff's [7] Objection is **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff shall pay the requisite **$350.00 filing fee, plus the $55.00 administrative fee**, within thirty days of the date of this Order. Plaintiff is cautioned that his failure to timely pay the requisite filing and administrative fees will result in this lawsuit being dismissed without prejudice and without further notice to him.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2025.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge