

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HON. ADAM DUVALL DAVIS, SR., U.S. NAVY VETERAN      PLAINTIFF

v.                                                  Civil No. 1:25-cv-00039-LG-BWR

HON. WILLIAM TISDALE, *in his individual and official capacities;*
CITY OF BILOXI, MISSISSIPPI;
HON. CARTER BISE, *in his individual and official capacities;*
and OTHER UNNAMED DEFENDANTS                        DEFENDANTS

## PLAINTIFF'S NOTICE OF CONSTITUTIONAL QUESTION PURSUANT TO RULE 5.1(a)

TO THE HONORABLE COURT AND THE ATTORNEY GENERAL OF THE UNITED STATES:

Pursuant to Federal Rule of Civil Procedure 5.1(a), Plaintiff Hon. Adam Duvall Davis, Sr. hereby files this Notice of Constitutional Question and respectfully informs this Court and the Attorney General of the United States that the constitutionality of the following statutes and judicial practices is being drawn into question in this matter:

**1. 28 U.S.C. § 1915, as applied by this Court**
Whether the application of 28 U.S.C. § 1915 to deny Plaintiff's request to proceed *in forma pauperis* (IFP), based on his refusal to classify Department of Veterans Affairs (VA) disability compensation as "income," violates:

- 38 U.S.C. § 5301(a), which expressly prohibits "any legal or equitable process whatever" against VA benefits, whether before or after receipt;
- The Supremacy Clause (U.S. Const. art. VI, cl. 2), because § 5301 preempts any judicial procedure that conditions access to court on surrendering federal statutory protections;
- The Due Process Clause of the Fifth and Fourteenth Amendments, because the denial constitutes a constructive seizure of protected benefits and conditions court access on the waiver of fundamental rights;
- Rule 39.1 of the Rules of the Supreme Court, which automatically grants IFP status to veterans and seamen, recognizing their right to access federal courts without economic barriers or waiver of VA protections;
- Controlling Supreme Court precedent, including:
  - *Porter v. Aetna Casualty,* 370 U.S. 159 (1962) — holding that VA benefits are absolutely shielded from legal process;

- - o *Ridgway v. Ridgway*, 454 U.S. 46 (1981) — applying federal preemption and disallowing state or judicial diversion of protected benefits;
  - o *Bennett v. Arkansas*, 485 U.S. 395 (1988) — reinforcing that statutes like § 5301 override state or court-created obligations through the Supremacy Clause;
  - o *Nelson v. Heiss*, 271 F.3d 891 (9th Cir. 2001) — warning that even indirect interference with VA benefits violates § 5301;
  - o *In re Rose*, 512 B.R. 790 (Bankr. W.D.N.C. 2014) — affirming that VA benefits are excluded from income in federal means-testing due to § 5301.

Further, this Court's insistence on financial disclosure—despite having already acknowledged the monthly amount from Plaintiff's federal bankruptcy filings—and its refusal to treat Plaintiff's benefits as exempt, amounts to a form of judicial estoppel and violates Congress's intent to fully immunize veterans' benefits from legal leverage or coercion.

**2. Judicial conditioning of access to emergency injunctive relief on prepayment of filing fees**

Whether the Court's refusal to evaluate or adjudicate Plaintiff's request for emergency injunctive relief under Rule 65(b)—solely because he had not prepaid the civil filing fee, despite filing an application to proceed *in forma pauperis* (IFP)—violates:

- Rule 65(b)(1) of the Federal Rules of Civil Procedure, which authorizes courts to issue temporary restraining orders without notice in cases of "immediate and irreparable injury" and does not condition relief on fee payment or formal briefing;
- The Due Process Clause of the Fourteenth Amendment, by denying Plaintiff meaningful access to emergency legal protection for the safety of his children, based on inability to pay;
- The doctrine of unconstitutional conditions, which prohibits the government from conditioning the exercise of a constitutional right on the waiver of another (see *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013)); and
- Controlling U.S. Supreme Court precedent, including:
  - o Boddie v. Connecticut, 401 U.S. 371 (1971):

    Held that access to the courts is a fundamental right when it involves claims such as family integrity or personal safety, and that fees cannot be used to bar indigent litigants in such contexts.
    "Due process prohibits a State from denying access to its courts solely because of inability to pay."

  - o M.L.B. v. S.L.J., 519 U.S. 102 (1996):

    Held that even in civil matters involving parental rights, the State must allow access to appellate review without payment of fees for indigent persons.
    "State-imposed fees must not deny meaningful access to the appellate process when fundamental rights are at stake."

  - o Tate v. Short, 401 U.S. 395 (1971):

>States cannot impose greater burdens on indigents than others in accessing judicial remedies.

Furthermore, the Court's refusal to even docket or consider Plaintiff's motion for a TRO or protective order—as a matter of procedure—simply because a filing fee had not been paid, constitutes a constructive denial of access to emergency judicial relief in violation of the principles articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), which requires courts to balance:

1. The private interest at stake (e.g., child safety),
2. The risk of erroneous deprivation through the procedures used, and
3. The government's interest in efficient and fair adjudication.

Applying *Mathews*, Plaintiff's interest in protecting his children from abuse is compelling; the risk of harm is irreparable; and the burden on the government to briefly assess the emergency motion is minimal.

### 3. Mississippi Code Ann. § 93-21-15, as interpreted or applied to allow unilateral, ex parte dissolution of protective orders

Whether Mississippi courts—specifically the Biloxi Municipal Court acting on ex parte instruction from a Chancery Court judge—violated the Constitution by dissolving Plaintiff's valid Domestic Abuse Protection Order (DAPO) without notice, hearing, or motion, contrary to the express requirements of Miss. Code Ann. § 93-21-15(2), and thereby:

- Violated Procedural Due Process under the Fourteenth Amendment by failing to afford Plaintiff constitutionally mandated notice and an opportunity to be heard before extinguishing a judicial protection order affecting safety and liberty interests;
- Violated Substantive Due Process under the "state-created danger" doctrine, recognized under 42 U.S.C. § 1983 (see *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998)), by creating a foreseeable and proximate risk of harm to Plaintiff and his children (as confirmed by the January 29, 2024, confrontation), when the state knowingly removed protective relief without justification or procedure;
- Violated the Equal Protection Clause of the Fourteenth Amendment by failing to apply procedural safeguards consistently and by treating a male domestic abuse survivor differently than similarly situated female victims, contrary to *United States v. Virginia*, 518 U.S. 515 (1996), and *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000);
- Violated Federal Full Faith and Credit requirements under 28 U.S.C. § 1738, and more specifically under 18 U.S.C. § 2265(a) of the Violence Against Women Act (VAWA), which mandates that valid protection orders "shall be accorded full faith and credit by the court of another State, tribe, or territory" and must not be invalidated absent full compliance with due process;
- Contravened Mississippi law itself, which under § 93-21-15(2) requires that "the respondent and the petitioner shall be given notice and an opportunity for a hearing" prior

to any modification or dissolution of a DAPO—requirements which were facially and substantively ignored.

"The court may modify or dissolve a protection order after notice and hearing and upon a showing of good cause." — Miss. Code Ann. § 93-21-15(2)

Furthermore, the ex parte nature of the communication between the Biloxi Municipal Court and the Chancery Court—without a public record, adversarial hearing, or jurisdictional transfer—renders the dissolution void ab initio, or at minimum constitutionally defective. It reflects impermissible judicial coordination that bypassed essential due process safeguards, thereby violating clearly established constitutional rights under Mathews v. Eldridge, 424 U.S. 319 (1976), and Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

**4. Use of 42 U.S.C. § 1382a (SSA Title XVI) to redefine "income" for veterans' benefits governed exclusively by Title 38**

Whether a federal court's reliance on 42 U.S.C. § 1382a(a)(2)(B) (a provision of the Supplemental Security Income statute under Title XVI of the Social Security Act) to classify VA disability compensation as "income" for purposes of determining eligibility under 28 U.S.C. § 1915—despite the exclusive protections afforded under Title 38—violates:

- 38 U.S.C. § 5301(a), which provides that VA benefits "shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever," and which courts have interpreted to include constructive legal process;
- 38 U.S.C. § 5307, which establishes the exclusive federal mechanism for apportionment of VA benefits—preempting all state or judicial efforts to reallocate or evaluate such benefits without a formal apportionment request approved by the VA Secretary;
- The Supremacy Clause (U.S. Const. art. VI, cl. 2), because Title 38 governs VA benefits exclusively, and state or judicial reliance on SSI law to override or circumvent these protections constitutes field preemption and conflict preemption;
- The doctrine of constructive seizure, as articulated in:
  - Porter v. Aetna Casualty & Surety Co., 370 U.S. 159 (1962):

    "[VA benefits] are protected… from seizure, and the courts may not engage in an indirect judicial process that would subvert that protection."

  - Ridgway v. Ridgway, 454 U.S. 46 (1981):

    The Court enforced absolute federal preemption over life insurance benefits designated under federal law, invalidating any state or equitable interest that would divert or reclassify federally protected funds.

- The anti-waiver principle implicit in § 5301, which prohibits courts from conditioning access to justice or other rights on the waiver of VA benefit protections—a constitutional violation under the doctrine of unconstitutional conditions (*Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013)).

Furthermore, reliance on Title XVI (SSI) definitions in this context is legally erroneous, because:

1. SSI definitions are administrative and apply solely to internal SSA means-testing purposes, not to judicial classifications for federal court access;
2. No statute or regulation permits cross-application of § 1382a definitions to Title 38 disability benefits in judicial proceedings;
3. The U.S. Supreme Court in Bennett v. Arkansas, 485 U.S. 395 (1988), held that federal statutes protecting benefit streams—such as Social Security in that case—preempt state or judicial efforts to count, seize, or reclassify those benefits, making the same reasoning applicable to VA benefits under § 5301.

**5. Denial of ADA accommodations and equal access for disabled litigants**

Whether the federal court's failure to provide reasonable accommodations—such as captioning, assistive listening technology, or alternative communication methods—to a hearing-impaired, pro se, disabled veteran, while simultaneously conditioning access to emergency injunctive relief on payment of fees, violates:

- **Title II of the Americans with Disabilities Act,** 42 U.S.C. § 12132, which prohibits public entities—including courts—from excluding qualified individuals with disabilities from participation in or the benefits of services, programs, or activities of a public entity;
- **Section 504 of the Rehabilitation Act of 1973,** 29 U.S.C. § 794, which similarly mandates nondiscriminatory access to federally funded programs and services, including judicial proceedings;
- **The Due Process Clause of the Fourteenth Amendment,** which guarantees that all individuals—especially those with sensory or cognitive impairments—receive **meaningful notice and an opportunity to be heard** (*Mathews v. Eldridge*, 424 U.S. 319 (1976)); and
- **The Equal Protection Clause of the Fourteenth Amendment,** which bars government entities from selectively burdening or disadvantaging individuals based on disability status, particularly when they are members of a historically underserved population such as disabled veterans (*Tucker v. Tennessee*, 539 F.3d 526 (6th Cir. 2008)).
- **Department of Justice implementing regulations,** 28 C.F.R. § 35.130(b)(7), which provide:

    "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability..."

Additionally, the U.S. Department of Justice's ADA Guide for Courts specifically instructs that public court systems must:

"...ensure that communication with individuals with hearing, vision, or speech disabilities is as effective as communication with others."
(*Source: DOJ ADA Title II Technical Assistance Manual*)

Failure to provide such accommodations—particularly where a disabled litigant has already disclosed their condition and requested relief—amounts to both intentional discrimination and deliberate indifference, actionable under both § 1983 and Title II of the ADA (see *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998)).

When paired with the Court's refusal to review Plaintiff's emergency motion due to non-payment, this denial further imposes a discriminatory barrier to accessing constitutionally protected judicial remedies, violating both substantive and procedural due process.

## CONCLUSION

These constitutional challenges are central to Plaintiff's claims and must be evaluated as required by law. Accordingly, a copy of this Notice is being served upon the Attorney General of the United States, in compliance with Rule 5.1(a)(2) and 28 U.S.C. § 2403.

## SERVICE:

A copy of this Notice will be served on the Honorable Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530, via certified mail, as required by Rule 5.1(a)(2).

Respectfully submitted,

DATED: JULY 7TH, 2025

_____
Hon. Adam Duvall Davis, Sr.
Pro Se Plaintiff
870 Ellington Drive
3375048179
adubthe@gmail.com