IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HON. ADAM DUVALL DAVIS,
SR., U.S. Navy Veteran                                                              PLAINTIFF

v.                                                                      CAUSE NO. 1:25cv39-LG-BWR

HON. WILLIAM TISDALE, in
his individual and official
capacities; CITY OF BILOXI,
MISSISSIPPI; HON. CARTER
BISE, in his individual and
official capacities; and OTHER
UNNAMED DEFENDANTS                                                                 DEFENDANTS

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND
RECUSE, FINDING AS MOOT MOTION FOR LEAVE TO FILE
ADDITIONAL EXHIBITS, AND GRANTING PLAINTIFF
ADDITIONAL TIME TO PAY FILING FEE**

Plaintiff, a veteran of the United States Navy, filed this pro se lawsuit pursuant to 42 U.S.C. §§ 1983 and 1985(3). After Plaintiff refused to list all of his income on his IFP application, Court ordered Plaintiff to pay the $350.00 filing fee, plus the $55.00 administrative fee, within thirty days. Instead of paying the filing fee, Plaintiff filed a [13] Motion to Vacate Void Judgment and a Motion for Judicial Disqualification under 28 U.S.C. § 455(a). He also filed a separate [14] Motion for Leave to File Additional Exhibits. Plaintiff's Motions to Vacate and Recuse are denied. His Motion for Leave to File Additional Exhibits is moot. Plaintiff must either pay the filing fee ($350.00 filing fee plus $55.00 administrative fee) or file an amended Application to Proceed In forma Pauperis that lists all of Plaintiff's income (including VA disability benefits) and expenses by November 17, 2025.

## DISCUSSION

**PLAINTIFF'S MOTION TO VACATE JUDGMENT**

Plaintiff claims that 38 U.S.C. § 5301(a)(1) prohibits the Court from treating his VA disability compensation as income when considering whether he is entitled to proceed in forma pauperis. Therefore, he refused to list his VA disability compensation in his Application to Proceed In Forma Pauperis. He now asks the Court to vacate its [9] Order requiring him to pay the civil filing fee ($350 filing fee + $55 administrative fee).[1]

Plaintiff filed his Motion to Vacate under Fed. R. Civ. P 60(b)(4) and Fed. R. Civ. P. 59(e), which permit post-judgment reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). The Court has not entered a judgment in this case, so the Court must construe Plaintiff's Motion under by Fed. R. Civ. P. 54(b). Rule 54(b) provides that a court may revise an order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b); *see also McClendon*, 892 F.3d at 781 (explaining that Rule 54(b) governs interlocutory orders). Rule 54(b) provides that a district court can "reconsider and reverse its decision for any reason it deems sufficient." *Id.* Thus, Rule 54(b) requires a more lenient standard than that required by Rule 59(e) and Rule 60(b). *See id.*

---

[1] The Court provided a thorough discussion of the procedural history of this case in its prior [9] Order, which is incorporated herein by reference.

>Section 5301(a)(1) provides:
>
>>Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and *shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever*, either before or after receipt by the beneficiary.

38 U.S.C. § 5301(a)(1) (emphasis added). Plaintiff once again claims that this Court erred in relying on the following holding in *Hawes v. Stephens*:

>While Section 5301(a) does protect federal benefit payments from "attachment, levy, or seizure," *nothing* in the statute suggests (1) that recipients of benefits are exempt from statutory filing fee requirements; or (2) that assets acquired from VA benefits cannot be taken into account for purposes of determining whether a litigant is eligible for in forma pauperis status.

964 F.3d 412, 417 (5th Cir. 2020) (emphasis added). Plaintiff claims that *Hawes* is distinguishable because the plaintiff in that was a prisoner who had commingled his VA benefits with other funds in his commissary account. As this Court previously explained, neither the plaintiff's status as a prisoner, nor his commingling of funds was pertinent to the Fifth Circuit's decision that VA disability benefits can be considered income when deciding whether a plaintiff should be granted IFP relief.

>As other courts have held,
>
>>[m]erely including Plaintiff's Veterans' benefits as available income in determining his indigency status for purposes of permitting him to proceed in forma pauperis does not subject those funds to attachment, levy, or seizure, nor does the Court act as a creditor when determining Plaintiff's indigency status.

3

*Clark v. 7-Eleven Headquarters*, No. 6:19CV1401-ORL-40GJK, 2019 WL 13395550, at *2 (M.D. Fla. Sept. 9, 2019); *see also Konecny v. Core-Mark Holdings Co. Inc.*, No. 4:25-CV-00137-ALM-BD, 2025 WL 734010, at *1 (E.D. Tex. Feb. 17, 2025); *Martin v. Mitchell*, No. 20-CV-2366 JLS (AGS), 2021 WL 347696, at *2 (S.D. Cal. Feb. 2, 2021); *Lovelace v. Georgia*, No. 1:21-CV-1306-LMM-RDC, 2021 WL 11718605, at *1 (N.D. Ga. Apr. 12, 2021), *R.&.R. adopted by*, 2021 WL 11718612 (N.D. Ga. May 3, 2021) ("The Court is aware of no provision that exempts veterans from in forma pauperis procedures or § 1915(g) when filing a federal civil rights action."); *Rytlewski v. Gov't of U.S.*, No. 20-CV-8543 (LLS), 2020 WL 6586373, at *2 (S.D.N.Y. Nov. 9, 2020).

    The cases that Plaintiff mentions in his Motion are distinguishable because they do not address whether Section 5301(a) exempts a veteran from paying a filing fee or prohibits a Court from considering VA benefits as income for the purpose of evaluating an IFP application. *See Bennett v. Arkansas*, 485 U.S. 395, 397 (1988) (holding that a state could not attach a prisoner's social security benefits); *Ridgway v. Ridgway*, 454 U.S. 46, 62–63 (1981) (holding that Servicemen's Group Life Insurance Act benefits could not be seized pursuant to a court-imposed constructive trust); *Philpott v. Essex Cnty. Welfare Bd.*, 409 U.S. 413, 417 (1973) (holding that 42 U.S.C. § 407 barred state welfare agency from obtaining reimbursement from a bank account containing Social Security disability insurance benefits); *Porter v. Aetna Cas. & Sur. Co.*, 370 U.S. 159, 160 (1962) (holding that a checking account

and two savings accounts containing VA benefits could not be attached to satisfy a judgment).

Plaintiff also cites *Drye v. United States*, 528 U.S. 49, 60 n.7 (1999), for the proposition that "[c]onstructive seizure occurs when a litigant is placed in a coercive procedural posture such that protected property is functionally forfeited, even absent formal execution or garnishment." Pl.'s Mot. to Vacate [13] at 11. But the *Drye* decision did not discuss constructive seizures, and the Court has not located any other case that provides a definition of "constructive seizure" that is similar to that asserted by Plaintiff. Furthermore, the Court has not located any cases holding that a court's consideration of VA benefits as income when evaluating IFP eligibility constitutes a constructive seizure.

Plaintiff further asserts that Supreme Court Rule 40 bars this Court from considering his VA compensation[2], but that Rule only applies to cases pending before the Supreme Court. *See Feemster v. Chapa*, No. 6:17-CV-39, 2018 WL 11486877, at *2 (S.D. Tex. Dec. 17, 2018); *see also Stinson v. Ritz*, No. 1:24-CV-

---

[2] Supreme Court Rule 40 provides:

> A veteran suing under any provision of law exempting veterans from the payment of fees or court costs, may proceed without prepayment of fees or costs or furnishing security therefor and may file a motion for leave to proceed on papers prepared as required by Rule 33.2. The motion shall ask leave to proceed as a veteran and be accompanied by an affidavit or declaration setting out the moving party's veteran status. A copy of the motion shall precede and be attached to each copy of the petition for a writ of certiorari or other substantive document filed by the veteran.

U.S. Sup. Ct. R. 40(1).

5

24451-PGB, 2025 WL 1095232, at *1 (S.D. Fla. Mar. 25, 2025), *appeal dismissed*, No. 25-11145, 2025 WL 1861882 (11th Cir. July 7, 2025).

This Court has not attempted to attach, levy, or seize Plaintiff's VA benefits, nor has it classified Plaintiff's VA compensation as "income for taxation, Social Security or garnishment purposes." *See* 38 U.S.C. § 5301(a)(1). The Court has merely held that Plaintiff must state the amount of those benefits so that it can consider whether Plaintiff should be permitted to proceed without paying the filing fee.

If Plaintiff had stated the amount of his VA compensation, the Court could have compared that amount with Plaintiff's expenses. Plaintiff may have been granted permission to proceed without paying the filing fee if he cannot "afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't Crim. Just.*, No. 95-10615, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)). But the Court could not make that decision without all of Plaintiff's financial information. Finally, as the Court previously explained, "There is no constitutional right to proceed in a civil action without paying the proper filing fee; the ability to proceed IFP is a privilege that may be extended or withdrawn." *Birgans v. Louisiana*, 411 F. App'x 717, 718 (5th Cir. 2011) (citing *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997)). Plaintiff's Motion to Vacate the Court's [9] Order requiring Plaintiff to pay the filing fee is denied.

**PLAINTIFF'S MOTION TO RECUSE**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455.  The pertinent question is "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021). This "objective standard relies on the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Id.* "The alleged bias must be 'personal,' as distinguished from judicial, in nature." *Phillips v. Joint Legis. Comm.*, 637 F.2d 1014, 1020 (5th Cir. 1981).  "Adverse rulings against the defendant in the same or a prior judicial proceeding do not render the judge biased." *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).

In support of his Motion to Recuse, Plaintiff expresses his disagreement with the Court's rulings and analysis.  In addition, he takes issue with the Court's refusal to address the merits of his claims prior to resolving IFP status, its decision not to address whether Plaintiff should be called "Honorable" due to his military service, and its reference to Defendant Judge Tisdale as a Senior Municipal Court Judge.  He also disliked the Court's statement that Plaintiff's vehicles "appear to be paid off."[3]  These arguments do not satisfy the objective standard for evaluating bias.  Plaintiff's Motion to Recuse is denied.

---

[3] In his IFP application, Plaintiff stated, under penalty of perjury, that he and his spouse own a 2012 Toyota Prius and a 2011 Toyota Prius.  IFP Appl. [2] at 1, 3.  In

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL EXHIBITS IN SUPPORT OF MOTION TO VACATE AND RECUSE**

Plaintiff seeks permission to file state court orders relating to the recusal of Chancellors in a case filed against Plaintiff by his former wife. He claims that these orders "confirm the existence of judicial impropriety at the state level, which supports Plaintiff's request that this federal case be reassigned under 28 U.S.C. § 455(a) and that the prior judgment be vacated as void." Pl.'s Mot. [14] at 1. The Court has reviewed the proposed exhibits, and it finds that the exhibits would not affect the Court's ruling on Plaintiff's Motions to Vacate and Recuse. Plaintiff's Motion to file additional exhibits is moot.

## CONCLUSION

For all the above reasons, Plaintiff's Motions are denied. To the extent the Court has not addressed any of Plaintiff's remaining arguments, it has considered them and determined that they would not alter the result.

The deadline the Court imposed for paying the filing fee expired while Plaintiff's Motion to Vacate was pending. So, the Court grants Plaintiff additional time. Plaintiff must either pay the filing fee ($350.00 filing fee plus $55.00 administrative fee) or file an amended Application to Proceed In forma Pauperis that lists all of Plaintiff's income (including VA disability benefits) and expenses by November 17, 2025. Failure to comply with this requirement will result in dismissal of this lawsuit without prejudice without further warning from the Court.

---

the installment payments section, Plaintiff stated "N/A" next to "Motor Vehicle," and he listed no motor vehicle payments. *Id.* at 4.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's [13] Motion to Vacate Void Judgment under Rule 60(b)(4) and Request for Judicial Disqualification under 28 U.S.C. § 455(a) are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's [14] Motion for Leave to File Additional Exhibits is **MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff must either pay the filing fee ($350.00 filing fee plus $55.00 administrative fee) or file an amended Application to Proceed In forma Pauperis that lists all of Plaintiff's income (including VA disability benefits) and expenses by **November 17, 2025**.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE