IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **HON. ADAM DUVALL DAVIS, SR.,** U.S. Navy Veteran | **PLAINTIFF** |
| v. | **CAUSE NO. 1:25cv39-LG-BWR** |
| **HON. WILLIAM TISDALE,** in his individual and official capacities; **CITY OF BILOXI, MISSISSIPPI; HON. CARTER BISE,** in his individual and official capacities; and **OTHER UNNAMED DEFENDANTS** | **DEFENDANTS** |

**ORDER DENYING PLAINTIFF'S MOTIONS AND
DISMISSING CASE FOR FAILURE TO PAY FILING FEE**

Plaintiff once again seeks reconsideration of this Court's decision that he must provide the amount of his VA disability benefits in his application to proceed in forma pauperis ("IFP"). He asks the Court to clarify whether his VA benefits would be classified as income when considering whether he should be permitted to proceed IFP. He also seeks a protective order "authorizing sealed or in-camera submission of Plaintiff's VA benefits amount solely for the limited purpose of evaluating IFP status, with no waiver of federal protections and no public disclosure." Pl.'s 2d Mot. [16] at 14. He further requests a protective order for himself and his minor children

> prohibiting disclosure, retaliation, or adverse action by state or local actors arising from this federal proceeding, and safeguarding their identities and protected records under federal privacy, disability, and child protection laws, including 5 U.S.C. § 552a, the Individuals with Disabilities Education Act (IDEA), HIPAA, and the Child Abuse Prevention and Treatment Act (CAPTA).

*Id.* at 15.  Finally, Plaintiff once again asks the Court to allow him to file copies of orders in which judges recused themselves from presiding over state court matters to which Plaintiff is a party.  The Court finds that Plaintiff's Motions should be denied.

On four occasions, the Court has thoroughly explained that 38 U.S.C. § 5301(a)(1) does not prohibit consideration of a plaintiff's VA disability benefits as available income when considering IFP status.[1]  The statute merely prohibits assignment, taxation, attachment, levy, and seizure of those benefits.

In his new [16] Motion, Plaintiff misquotes the Court's Order [15] denying his Motion to Vacate.  Contrary to Plaintiff's assertions, the Court gave him an opportunity to file an amended IFP application by November 17, 2025.  And Plaintiff's claim that the Court's prior [15] Order called his claims "meritless" or "frivolous" is mistaken.  The Court also did not state that Plaintiff "fail[ed] to state a claim upon which relief may be granted."  The Court has not reached the merits of Plaintiff's claims as it would be improper to do so at this stage of the litigation.

Plaintiff further claims that he has been denied due process because the Court has not granted him accommodations for his hearing impairment.  This argument is not well-taken.  Thus far, the Court has not conducted any hearings in this matter that would require accommodation for a hearing impairment.  Plaintiff's

---

[1] *See* Order [4] denying IFP Mot.; Report & Recommendations [6]; Order [9] denying Mot. to Reconsider & Adopting R.&R.; Order [15] Denying Mot. to Vacate.

2

hearing impairment has not prevented him from reviewing the Court's Orders or filing Motions.

Plaintiff claims he offered to provide the amount of his benefits under seal, for in camera review, or pursuant to a protective order, but the Court has not located such an offer in the record.[2]  Furthermore, the Court restricted access to Plaintiff's IFP application when it was filed, which is the Court's standard practice for all IFP applications.

Plaintiff's request to file copies of state court recusal orders as exhibits to his Motion to Recuse is once again denied.  Those orders do not tend to show that the undersigned should have granted Plaintiff's Motion to Recuse.  Nevertheless, those orders are already in the Court record and will be available for review on appeal.

As for Plaintiff's remaining request for a protective order protecting the privacy of himself and his children, the Court immediately restricted access to all the exhibits Plaintiff has filed that contained his minor children's names and birthdates.  It is unclear what additional relief Plaintiff may be requesting, but to the extent that Plaintiff may be seeking a ruling on the merits of this case before Defendants are served with process, that request is also denied.

"A district court may sua sponte dismiss an action for failure to prosecute or failure to obey a court order."  Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  On October 28, 2025, the Court ordered Plaintiff to

---

[2] Plaintiff did ask the Court for instructions on how to provide the amount of his IFP benefits without waiving his rights.  The Court is not permitted to provide legal advice or advisory opinions to parties.

3

either pay the filing fee or file an amended Application to Proceed In Forma Pauperis that lists all of Plaintiff's income (including VA disability benefits) and expenses by November 17, 2025.  The Court cautioned that failure to comply with that Order would "result in dismissal of this lawsuit without prejudice without further warning from the Court."  Order [15] at 8.  The Court has given Plaintiff sufficient opportunity and information to provide a complete and accurate IFP application, and Plaintiff's deadline for either filing an amended IFP application or pay the filing fee has passed.  The Court finds that no additional extensions should be granted, and that this lawsuit should be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's [16] Motion for Reconsideration, Motion for a Protective Order, and Motion to Clarify/Modify Order are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to timely pay the required filing fee.  The Court will file a separate judgment as required by Fed. R. Civ. P. 58(a).

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE